IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRI WILHELM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-272-A |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On March 16, 2011, the above-captioned action was initiated by Terri Wilhelm against defendant, Wells Fargo Bank, N.A., in the District Court of Tarrant County, Texas, 342nd Judicial District. By notice of removal filed April 22, 2011, defendant removed the action to this court, alleging that this court had

subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

Defendant contended in the notice of removal that although the petition does not allege a specific amount in controversy, a review of the petition makes clear that the amount in controversy exceeds the jurisdictional amount. This conclusion is based on the unspecified amount of damages plaintiff seeks as to her state law claims, as well as her claims for attorney's fees, declaratory and injunctive relief. Defendant also alleged that plaintiff's request to set aside the foreclosure sale and her request for injunctive relief, without more, exceeded the jurisdictional threshold amount.

In support, defendant cited the principle that

> in actions where declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the value of the object of the litigation and the right plaintiff seeks to protect, or the extent of the injury to be prevented.

Notice of Removal at 5 (citations omitted). Defendant also argued that where, as here, a plaintiff seeks to rescind, set

2

aside, or enjoin a foreclosure sale, the amount in controversy is the value of the property, rather than the plaintiff's equity therein, because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." Id. (citations omitted) (brackets in original). Thus, in defendant's view, because the Tarrant Appraisal District purportedly appraised the property at $235,100, that amount, alone or combined with plaintiff's other potential recovery, exceeds the $75,000 jurisdictional threshold.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on May 16, 2011, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendant filed its amended notice of removal on June 3, 2011. In addition to the arguments raised in the original notice of removal, defendant contended that because plaintiff has called into question the validity of the deed of trust, alleged that

3

defendant is not the holder of the note and lacks standing to foreclose on the property, seeks to void the foreclosure sale, and seeks to enjoin defendant or "any party not yet named" from ever foreclosing on and taking possession of the property, she has thus called into question the validity of the contract or a right to property. In such a situation, defendant maintained, "the value of the property controls the amount in controversy." Am. Notice of Removal at 6, citing <u>Nationstar Mortg. LLC v. Knox</u>, 351 F. App'x 844, 848 (5th Cir. 2009). Defendant also relied on plaintiff's challenge to defendant's right of foreclosure due to its failure to produce the original note, and her corresponding request to set aside the foreclosure and permanently enjoin any foreclosure or eviction. Defendant reasoned that if plaintiff's requested relief were granted such would result in plaintiff obtaining title to the property without having to pay the remaining amounts due on the note, or, if denied, would allow defendant to foreclose, causing plaintiff to lose title to the property; the value in either case exceeds $75,000.

Defendant further relied on the unspecified amount of

4

damages and attorney's fees plaintiff seeks as to her state law claims, all of which, in defendant's view, caused the amount in controversy to exceed the jurisdictional minimum.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

5

Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought,

nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.[2]

In the case at bar, plaintiff contends she "allegedly"

---

[2] Defendant relies on Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), a case which is not precedent. The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action, see Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and defendant has failed to persuade the court otherwise.

signed a deed of trust to secure a promissory note on the subject property.³ However, plaintiff also admits she attempted to obtain a loan modification from Wells Fargo Bank several months prior to the foreclosure date, but defendant failed to cooperate with her efforts. Such allegations are tantamount to plaintiff's admission that any claims she may have to the property would be subject to the note and deed of trust--admissions that are inconsistent with any claim to outright ownership of the property.⁴

Although plaintiff contends defendant is not the holder of the original note and disputes defendant's right to foreclose, nothing in the petition could lead to the conclusion that plaintiff is the holder of the original note, or that plaintiff would be entitled to enjoin foreclosure and eviction by whoever holds the original note.

---

³The state court petition alleges that plaintiff was the owner of property located at 1713 Parkwood Drive, Grapevine, Texas 76051, but alleges in the next paragraph that she signed the deed of trust related to property at 1811 Elmwood Lane, Carrollton, Texas 75006. The note, deed of trust, and state court temporary restraining order all identify the Grapevine address as the subject property. The Carrollton address is apparently a typographical error in the petition.

⁴Defendant has also attached a copy of what purportedly are the note and deed of trust relevant to the subject property. The court notes that while those documents are likely the ones signed by plaintiff, the signature and typed name is for "Terri R. Hottinger," and the deed of trust is also signed by Douglas K. Hottinger.

All of defendant's arguments as to amount in controversy can be summed up as contending that either the value of the property or the amount of plaintiff's outstanding indebtedness on the note establishes the amount in controversy. Although defendant has provided the court with documents purporting to show that the appraised value of the property and the amount of plaintiff's indebtedness each exceeds $75,000, the authorities cited in the amended notice of removal fail to persuade the court that either of these amounts constitutes the amount in controversy.

No information has been provided to the court that would enable the court to place a value on whatever interest plaintiff seeks to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

## IV.

### Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed

SIGNED June 9, 2011.

_____
JOHN McBRYDE
United States District Judge